# IN THE COURT OF APPEALS OF IOWA

No. 17-1009
Filed August 16, 2017

**IN THE INTEREST OF A.W.,**
**Minor Child,**

**P.S., Mother,**
　　　Appellant.

_____

Appeal from the Iowa District Court for Pottawattamie County, Craig M. Dreismeier, District Associate Judge.

A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

Roberta J. Megel of State Public Defender Office, Council Bluffs, for appellant mother.

Thomas J. Miller, Attorney General, and Ana Dixit, Assistant Attorney General, for appellee State.

Norman L. Springer Jr. of McGinn, Springer & Noethe, P.L.C., Council Bluffs, guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals the termination of her parental rights to her child, born in 2012. She challenges the grounds for termination cited by the district court and appears to argue termination was not in the child's best interests.

The district court terminated the mother's parental rights pursuant to several statutory provisions. We may affirm the termination decision if we find clear and convincing evidence to support any of the cited grounds. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). We focus on Iowa Code section 232.116(1)(f) (2016), which requires proof of several elements including proof the child cannot be returned to the parent's custody.

The mother had an eight-year history of methamphetamine abuse and a sixteen-year history of marijuana abuse. The child was removed from the mother's care in May 2015 after she relapsed on methamphetamine while serving as primary caretaker of the child. The State filed a child in need of assistance petition. Initially, the court found the mother "was motivated to achieve reunification." A little over a year after this finding was made, the mother was found to have relapsed on methamphetamine. She entered an inpatient treatment program but stayed for only four days. She missed multiple drug tests and effectively discontinued her participation in reunification services. Most notably, the mother did not visit her child for seven months. After this extended absence, she exercised a single supervised visit with her child.

The State petitioned to terminate the mother's parental rights to the child. The mother did not appear at the termination hearing and failed to inform her

attorney of her whereabouts.  The department case manager testified the child could not be returned to the mother's custody.

On our de novo review, we conclude the State proved that termination was warranted under Iowa Code section 232.116(1)(f).  We further conclude termination was in the child's best interests, given the mother's failure to commit to reunification services and her failure to maintain a connection with her child. *See In re P.L.*, 778 N.W.2d 33, 39-40 (Iowa 2010).

**AFFIRMED.**